Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert and Fe Moorefield,<br><br>Plaintiffs,<br><br>vs.<br><br>National Credit Systems, Inc.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs, Robert and Fe Moorefield ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Arizona, County of Pinal, and City of San Tan Valley.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, National Credit Systems, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11.     On January 12, 2010, Plaintiffs entered into a lease agreement and multiple lease addendums with Desert Wide Properties, Inc. ("Desert Wide"). (*See* 1-12-10 Lease Agreement, attached hereto as Exhibit A).

12.     In one of the above-mentioned lease addendums, entitled "Lease Addendum," Plaintiffs agreed to the following under section 6 entitled "COLLECTION AGENCY CHARGES":

> Tenant agrees that in the event they default in their lease agreement and their account is turned over to a collection agency, they shall pay the costs of the collection agency in addition to the full amount due the landlord for breach of the lease agreement and a $200 fee to D.W.P.

(*See* 1-12-10 Lease Addendum, attached hereto as Exhibit B).

13.     In connection with the collection of an alleged debt in default (the "Debt"), Desert Wide sent Plaintiffs written communication dated February 24, 2012, and in such communication, stated in relevant part:

> Enclosed is an accounting of your Security deposit from your tenancy at 3202 E DENIM TRAIL, San Tan Valley, AZ 85143. The balance owed of $2,380.00 is due to Desert Wide Properties within 30 days of receipt of this letter.

(*See* 2-24-12 Communication, attached hereto as Exhibit C).

14.     In connection with the collection of the Debt, Desert Wide sent Plaintiffs a second written communication dated May 9, 2012, and in such communication, stated in relevant part(s):

> Your outstanding balance with Desert Wide Properties, in the amount of $5,859.12 has been forwarded to National Credit Systems, Inc (NCS).

\*     \*     \*

> Per the Lease Addendum you signed at move in, Item 6 (Collection Agency Charges), an additional forty-percent (40%) will be added to the full amount due to cover the collection agency costs, plus a two-hundred dollar ($200.00) fee to cover Desert Wide Properties costs.
>
> Should this account reach a legal status, the collection agency fee will increase to fifty-percent (50%) of the full amount due.

(*See* 5-9-12 Communication, attached hereto as Exhibit D).

15. In connection with the collection of the Debt, Defendant National Credit Systems, Inc. ("NCSI"), sent Plaintiffs initial written communication dated May 17, 2012, regarding the Debt, and in such communication, stated in relevant part(s):

> Re:        Desert Wide Properties / 3202
> Account #:    2536509
> Balance:      $5859.12

(*See* 5-17-12 Communication, attached hereto as Exhibit E).

16. Upon information and good-faith belief, Plaintiffs never agreed to a forty percent (40%) collection fee, in the original lease agreement, or any of the lease addendums signed on January 12, 2010.

17. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiffs suffered and continues to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

18. Plaintiffs repeat and re-allege each and every allegation contained above.

19. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' alleged debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

20. Plaintiffs repeat and re-allege each and every allegation contained above.

21. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with the collection of the Debt.

WHEREFORE, Plaintiffs prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f(1)

22. Plaintiffs repeat and re-allege each and every allegation contained above.

23. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiffs that is not expressly authorized by the agreement creating the debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 6st day of September, 2012.

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiffs